UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT PHILLIPS, individually and on behalf of all others similarly situated, ) ) ) ) | |
| ) | Civil Action No. 13-12092 |
| Plaintiff. ) ) | Suffolk Superior Court Civil Action No. 2013-02816-BLS |
| v. ) ) | |
| EQUITY RESIDENTIAL MANAGEMENT, L.L.C., ) ) ) | NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 and 1453 |
| Defendant. ) ) | |

## NOTICE OF REMOVAL FROM STATE COURT

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendant Equity Residential Management, L.L.C. ("ERM") hereby gives notice of removal of Civil Action No. 2013-02816-BLS from the Superior Court Department of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts.  In support of this notice, ERM states as follows:

A.    **BACKGROUND**

1.    On or about August 6, 2013, plaintiff Scott Phillips commenced a putative class action, entitled *Phillips v. Equity Residential Management, L.L.C.*, Civil Action No. 2013-02816-BLS, in the Business Litigation Session of Suffolk Superior Court.  *See* Phillips Complaint ("Compl."), a true and accurate copy of which is attached hereto as Exhibit A.

2.    Plaintiff alleges violations of G.L. c. 186, § 15B, the so-called Massachusetts Security Deposit Statute.  Specifically, plaintiff alleges, on behalf of himself and others similarly situated, that ERM violated § 15B(4)(iii) of the Security Deposit Statute by making and/or failing properly to document various deductions from tenants' security deposits.  Compl. ¶¶ 3, 37.

3.      Pursuant to G.L. c. 186, §§ 15B(6) and (7), plaintiff seeks a return of three times the full amount of his and class members' security deposits, as well as interest, costs, and attorneys' fees.  *Id*. ¶¶ 4-5 and p.14.

**B.      GROUNDS FOR REMOVAL**

4.      28 U.S.C. § 1441(a) establishes when an action commenced in state court is removable, providing in relevant part that:

> any civil action brought in a state court of which the district courts
> of the United States have original jurisdiction, may be removed by
> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

5.      Both this Court's subject matter jurisdiction and ERM's basis for removal are grounded upon diversity of citizenship.  *See* 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

6.      CAFA provides for federal subject matter jurisdiction over any class action in which the matter in controversy exceeds the sum or value of $5,000,000, the aggregate number of putative class members in all proposed plaintiff classes is at least 100, and any member of a class of plaintiffs is a citizen of a different state from any defendant.  *Id*. §§ 1332(d)(2) and (5).

**The number of putative class member is at least 100.**

7.      CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id*. § 1332(d)(1)(B).  CAFA also requires that "the number of members of all proposed plaintiff classes in the aggregate" be 100 or greater.  *Id*. § 1332(d)(5)(B).

8.      In the present action, plaintiff describes the class he purports to represent as follows:

> *All* former tenants at Equity Units who have vacated their Equity Units
> and who have had *any* portion of their security deposit retained by ERM
> and not returned to them within 30 days after the termination of their
> occupancy or the end of their tenancy, during the period from August 6,
> 2009 through the date of judgment.

Compl. ¶ 27 (emphasis added).  Plaintiff's complaint also describes two subclasses within this class.  *Id*.

9.      ERM denies that plaintiff has properly identified a viable class or subclasses, or that plaintiff is necessarily an adequate representative of his putative class or subclasses.

10.      Nevertheless, ERM has reviewed its records and determined that the number of individuals fitting plaintiff's class description is in excess of 6,000.  *See* Affidavit of Tom Lebling ("Lebling Aff.") ¶ 6, attached hereto as <u>Exhibit B</u>.  Thus, CAFA's requirement of 100 class members is readily met.

**The amount in controversy exceeds $5,000,000.**

11.      CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

12.      Where, as here, "the complaint does not contain specific damages allegations," the party seeking removal must show a "reasonable probability" that more than $5 million is "at stake" in the case at the time of removal.  *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 43, 50 (1st Cir. 2009).  In assessing whether there is a reasonable probability that the $5 million threshold has been met, "a federal court may consider which party has better access to the relevant information."  *Id*. at 51; *see also* Senate Judiciary Report, S. REP. 109-14, at 42.

13.      Pursuant to G.L. c. 186, §§ 15B(6) and (7), plaintiff seeks a return of three times the full amount of his and class members' security deposits, as well as interest, costs, and

attorneys' fees.  Compl. ¶¶ 4-5; *see also id.* at p.14 (requesting an award of "three times the amount of each Class and Subclass member's security deposit, plus interest, costs and attorneys' fees").

14.     ERM has reviewed its records to determine the amount withheld from all class members' security deposits.  The total amount of these withheld security deposits is approximately $3,025,000.  Lebling Aff. ¶ 7.  Three times the full amount of these security deposits is approximately $9,075,000.  *Id.* ¶ 8.

15.     Thus, there is a reasonable probability that the total amount sought by plaintiff meets or exceeds the $5,000,000 jurisdictional threshold set forth by CAFA.[1]

**Minimal diversity exists.**

16.     Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

17.     Plaintiff alleges that he resides in California.  Compl. ¶ 6.

18.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled, and residence is prima facie evidence of domicile.

19.     ERM is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Lebling Aff. ¶ 3.  Accordingly, for removal purposes, ERM is a citizen of the states of Delaware and Illinois.  *See* 28 U.S.C. §§ 1332(c), (d)(10).

20.     Because at least one plaintiff in this putative class action is a citizen of a state different from ERM, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

---

[1] Plaintiff also seeks a statutory award of attorneys' fees pursuant to G.L. c. 186, § 15B(7).  *See* Compl. ¶ 5 and p. 14.  Such fees are automatic under § 15B(7), and thus are part and parcel of the damages to be included in this case. While unnecessary given the amounts at stake even without attorneys' fees, inclusion of these fees further pushes the amount in controversy above the CAFA jurisdictional limit.  *See, e.g., Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (holding that attorneys' fees may be included in the amount-in-controversy determination when a statute "mandates or allows payment of the fees"); *accord Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010).

**Plaintiff will be unable to meet his burden of proving that any of the CAFA exceptions apply.**

21.     It is plaintiff's burden to demonstrate that any of the CAFA-based exceptions to federal jurisdiction apply.  *See*, *e.g.*, *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009); *Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 294-95 (D. Mass. 2009).

22.     Plaintiff's complaint was originally filed in Massachusetts.  ERM is not a citizen of Massachusetts, nor was it a citizen of Massachusetts when plaintiff's complaint was filed.  For this reason, among others, plaintiff will be unable to show that either the "home-state controversy" or "local controversy" exceptions to CAFA apply.  *See* 28 U.S.C. §§ 1332(d)(4)(A), (B).

23.     ERM reserves the right to brief any issues relating to CAFA exceptions should plaintiff maintain, on a motion to remand, that such exceptions apply.

**C.     REMOVAL IS TIMELY AND ALL PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

24.     28 U.S.C. § 1446 establishes the time frames and procedures for proper removal of an action.  In particular, 28 U.S.C. § 1446(b)(1) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

25.     In this case, ERM was served with plaintiff's complaint on or about August 7, 2013.  Thus, this Notice of Removal has been timely filed because it has been "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."  28 U.S.C. § 1446(b)(1).

26.     All adverse parties to this action have been provided with written notice of the filing of this removal, *see* 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

27.     Pursuant to 28 U.S.C. § 1446(b), ERM will cause to be filed with the Business Litigation Session of the Superior Court for the Commonwealth of Massachusetts a copy of this Notice of Removal promptly after filing in this Court.

WHEREFORE, defendant respectfully requests that this action be removed from the Superior Court Department of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,

By its attorneys,

/s/ Thomas H. Wintner
Thomas H. Wintner (BBO # 667329)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts  02199
(617) 239-0100 (telephone)
(617) 227-4420 (fax)
twintner@edwardswildman.com

Craig M. White (*pro hac vice to be submitted*)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, IL 60606
(312) 201-2000 (telephone)
(312) 201-2555 (fax)
cwhite@edwardswildman.com

Dated: August 27, 2013

## CERTIFICATE OF SERVICE

I certify that the above Notice of Removal and all associated papers were filed electronically using the CM/ECF system on August 27, 2013, and that on the same date copies were served on counsel for the plaintiffs by first-class mail.

/s/ Thomas H. Wintner
Thomas H. Wintner