# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 13-2816 BLS

SCOTT PHILLIPS, individually and on , Plaintiff(s)
behalf of all others similarly situated

v.

EQUITY RESIDENTIAL MANAGEMENT LLC , Defendant(s)

## SUMMONS

<div style="margin-left: 2em;">
NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.
</div>

To the above-named Defendant: **Equity Residential Management LLC, c/o CT Corp.**
**155 Federal St., Ste. 700, Boston, MA 02110**
You are hereby summoned and required to serve upon
**David Pastor - Pastor Law Office,**
plaintiff's attorney, whose address is **63 Atlantic Avenue, Boston, MA** , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the **6th** day of
**August** , in the year of our Lord two thousand **thirteen** .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

A true copy Attest:
*John Cottas*
Deputy Sheriff Suffolk County

FORM CIV.P. 1 3rd Rev. 20M-10/11

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____ , Plff(s).

v.

_____ , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

_____ , 201_

**N.B.    TO PROCESS SERVER:–**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

Dated: _____ , 201_

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on _____ , 201_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1–5)):

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| SCOTT PHILLIPS, individually and on behalf of all others similarly situated | EQUITY RESIDENTIAL MANAGEMENT LLC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number | ATTORNEY (if known) |
|---|---|
| David Pastor – Pastor Law Office, LLP   617-742-9700 63 Atlantic Avenue, Boston, MA 02110 | |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *_____

~~BH.2~~   (B) (X)Yes ( ) No

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

please see attached sheet

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record_____

DATE: 8/2/13

**THE FOLLOWING IS A FULL AND DETAILED STATEMENT OF THE FACTS ON
WHICH PLAINTIFF RELIES TO BE DETERMINE ELIBILITY IN TO THE BUSINESS
LITIGATION SESSION:**

This is a class action a on behalf of defendant's former residential tenants in Massachusetts for

unlawfully taking deductions from and retaining tenants' security deposits in violation of G.L. c.

186, §15B.  BLS treatment is appropriate under Superior Court Administrative Directive 09-1

because this class action will likely require substantial case management.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT DEPARTMENT
                                      BUSINESS LITIGATION SESSION

---

SCOTT PHILLIPS, individually and on
behalf of all others similarly situated,
                                      Civil Action No: 13 - 2816 BLS
                    Plaintiff,

v.

EQUITY RESIDENTIAL MANAGEMENT         Jury Trial Demanded
LLC,
                    Defendant.

**RECEIVED**

**AUG 0 6 2013**

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

---

## CLASS ACTION COMPLAINT

Plaintiff, Scott Phillips ("Plaintiff"), by and through his undersigned counsel of record, on

behalf of himself and all others similarly situated, submits the following Class Action Complaint

against Defendant Equity Residential Management LLC ("ERM" or "Defendant"), and based

upon personal knowledge as to his own acts and circumstances and based upon information and

belief as to all other matters, alleges as follows.

## SUMMARY OF THE CASE

1.      Plaintiff brings this action for redress of ERM's various violations of the

Massachusetts Security Deposit Law, G.L. c. 186, § 15B (sometimes referred to herein as the

"Security Deposit Law"), in connection with deductions taken from security deposits held in

escrow for tenants at Massachusetts rental properties leased and/or managed by ERM. This

action is brought by Plaintiff on behalf of himself and on behalf of a class consisting of all

former tenants at Massachusetts residential apartment units leased and/or managed by ERM

("Equity Units") who have vacated their Equity Units and who have had any portion of their

1

security deposit withheld by ERM and not returned to them within 30 days of the termination of their occupancy or tenancy, during the period from August 6, 2009 through the date of judgment (the "Class"). The Class includes two subclasses, as defined and described below.

2.      Although strict compliance with the Security Deposit Law is required for lessors to be entitled to deduct funds from tenants' security deposits, ERM consistently violates and has violated the Security Deposit Law in various ways.

3.      ERM's unlawful practices when deducting or withholding funds from the security deposits of its Massachusetts tenants include:

a)      failing to provide, within 30 days of the termination of the tenants' occupancy or tenancy, written evidence of damages for which funds are deducted or withheld from the tenants' security deposit, such as estimates, bills, invoices or receipts, as required by c. 186, §15B (4)(iii);

b)      failing to provide tenants with an itemized list of damages for which security deposit deductions are taken, sworn to under pains and penalties of perjury, within 30 days of the termination of the tenants' occupancy or tenancy, as required by c. 186, § 15B (4)(iii); and

c)      deducting funds from tenants' security deposits for cleaning charges, an impermissible deduction under c. 186, § 15B (4)(iii).

4.      As a result of ERM's violations of the Security Deposit Law, as outlined above and described in more detail below, ERM forfeited the right to retain any portion of the security deposit of any tenant affected by such violations (including Plaintiff and all Class members), pursuant to c. 186, § 15B(6).

2

5.      Despite its violations of the Security Deposit Law and consequent forfeiture of the right to retain any portion of Plaintiff's and Class members' security deposits, ERM did retain at least a portion of Plaintiff's and all Class members' security deposits, in violation of c. 186, § 15B(6)(e). As a result, pursuant to c. 186, § 15B(7), Plaintiff and Class members are entitled to payment of three times the amount of their security deposits, plus interest. Accordingly, Plaintiff, seeks, for himself and each Class member, payment of three times the amount of their security deposits, plus interest, costs and reasonable attorneys' fees, and seeks an order, in the form of injunctive relief, directing ERM to cease its practice of violating the Massachusetts Security Deposit Law when withholding funds from security deposits.

## THE PARTIES

6.      Plaintiff is an individual residing at 1303 Saint Tropez Street, Upland, California 91784. During the period from approximately July 20, 2012 through approximately May 20, 2013, Phillips was a tenant at Longview Place, 70 Hope Avenue, Waltham, Massachusetts, apartment number 060-623, under a lease with ERM.

7.      Defendant ERM is a Delaware limited liability company, with a principal place of business in Chicago, Illinois and a regional office in Wellesley, Massachusetts. ERM operates, manages and/or leases more than 6,000 residential rental units in Massachusetts. ERM signed Plaintiff's lease and each Class member's lease as the lessor.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to G.L. c. 212, §§ 3 and 4.

9.      This Court has personal jurisdiction over Defendant pursuant to G.L., c. 223A, § 3(a), because it regularly transacts and has transacted business in Massachusetts by leasing and

managing residential rental units in Massachusetts, and because the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

10.     Venue is proper in this County because Defendant leases and/or manages residential rental property in this County.

11.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 09-1, because this case is brought as a class action which will need substantial case management.

## FACTUAL ALLEGATIONS

### A.     The Massachusetts Security Deposit Law

12.     The   Massachusetts   Security   Deposit   Law,   states,   in   pertinent   part:

   (4)     The lessor shall, within thirty days after the termination of occupancy under a tenancy at will or the end of the tenancy as specified in a valid written lease agreement, return to the tenant the security deposit or any balance thereof; provided, however, that the lessor may deduct from such security deposit for the following:

   (i)     any unpaid rent or water charges which have not been validly withheld or deducted pursuant to any general or special law.

   (ii)     any unpaid increase in real estate taxes which the tenant is obligated to pay pursuant to a tax escalation clause which conforms to the requirements of section fifteen C; and

   (iii)     a reasonable amount necessary to repair any damage caused to the dwelling unit by the tenant or any person under the tenant's control or on the premises with the tenant's consent, reasonable wear and tear excluded. In the case of such damage, the lessor shall provide to the tenant within such thirty days an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury, itemizing in precise detail the nature of the damage and of the repairs necessary to correct such damage, and written evidence, such as estimates, bills, invoices or receipts, indicating the actual or estimated cost thereof.

4

\*\*\*

No deduction may be made from the security deposit for any purpose other than those set forth in this section.

\*\*\*

(6)     The lessor shall forfeit his right to retain any portion of the security deposit for any reason, or, in any action by a tenant to recover a security deposit, to counterclaim for any damage to the premises if he:

\*\*\*

(b)     fails to furnish the tenant within thirty days after the termination of the occupancy the itemized list of damages, if any, in compliance with the provisions of this section;

\*\*\*

(e)     fails to return to the tenant the security deposit or balance thereof to which the tenant is entitled after deducting therefrom any sums in accordance with the provisions of this section, together with any interest thereon, within thirty days after termination of the tenancy.

(7)     If the lessor or his agent fails to comply with clauses (a), (d), or (e) of subsection 6, the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit or balance thereof to which the tenant is entitled plus interest at the rate of five per cent from the date when such payment became due, together with court costs and reasonable attorney's fees.

## B.     ERM's Damage Evidence Violations

13.     When it withholds or deducts any funds from a tenant's security deposit, ERM prepares and provides to the tenant two standard forms. One such form is called a "Statement of Deposit," which, among other things, lists the amount of the security deposit, interest accrued on the deposit, and any deductions taken from the deposit. The Statement of Deposit is signed by an unidentified individual. The other form is called a "Move-Out Cost Worksheet" (the

5

"Worksheet"), which provides certain minimal additional information concerning each item of purported damages for which a deduction has been taken from the security deposit. The Worksheet is not signed.

14.     Neither the Statement of Deposit nor the Worksheet includes, attaches, or makes reference to, any estimates, bills, invoices, or receipts, or any other documentation in support of the charges that constitute deductions from the security deposit. No estimates, bills, invoices, or receipts in support of the deductions taken from the security deposit are provided to the tenant.

15.     ERM's failure to provide such documentation violates the provisions of c.186, § 15B(4)(iii), which, among other things, requires the lessor to provide to the tenant, within 30 days after the termination of the tenant's occupancy or tenancy, written evidence of any damage repair costs deducted from the security deposit, such as estimates, bills, invoices or receipts.

### C.     ERM's Sworn Statement Violations

16.     The Statements of Deposit provided to Plaintiff and all members of the Sworn Statement subclass (defined below) were not signed by ERM under pains and penalties of perjury.  The Worksheet is not signed at all.

17.     ERM's failure to sign the Statement of Deposit and/or the Worksheet under pains and penalties of perjury violates the provisions of c. 186, § 15B(4)(iii), which requires the lessor to "provide to the tenant within [thirty days of the termination of the tenancy] an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury."

### D.     ERM's Impermissible Deduction Violations

18.     ERM has taken deductions from the security deposits of Plaintiff and all members of the Cleaning Charge Subclass (as defined below) for some type of cleaning charges. There is some variation among the cleaning charges assessed, including charges for general apartment cleaning and charges for cleaning particular items within the Equity Unit, such as for carpet cleaning and oven cleaning. But all of these cleaning charges have at least one thing in common: they are impermissible and unlawful deductions from the tenants' security deposits.

19.     ERM's cleaning charges are not permissible security deposit deductions under c. 186, § 15B(4) because cleaning charges are not among the list of permitted deductions set forth in that section of the Security Deposit Law. Section (4) of the Security Deposit Law allows the lessor to take deductions from the security deposit only for: a) unpaid rent or water charges; b) unpaid real estate taxes owed by the tenant pursuant to a conforming tax escalation clause; or c) reasonable amounts necessary to repair any damage caused to the dwelling unit by the tenant, reasonable wear and tear excluded. And Section (4) explicitly states that "[n]o deduction may be taken from the security deposit for any purpose other than [the three items listed above]." *Id.* *See also Taylor v. Beaudry*, 82 Mass. App. Ct. 105,106 (2012).

### E.     Specific Facts Relevant to the Plaintiff

20.     Plaintiff is a former tenant at Longview Place in Waltham, Massachusetts, apartment number 060-623, having occupied that unit from approximately July 20, 2012 through approximately May 20, 2013.

21.     On or about May 28, 2013, Plaintiff received a Statement of Deposit and a Worksheet from ERM. The Statement of Deposit was signed by an unidentified individual (after

the words, "Approved By") and dated May 24, 2013. The Statement of Deposit was not signed

under pains and penalties of perjury, and the Worksheet was not signed at all. Plaintiff received

no other documents or papers concerning his security deposit or any deductions taken therefrom

within 30 days after the termination of his occupancy of the unit, nor did he receive a return of

his security deposit (or any portion thereof) within that 30 day period. Copies of the Statement

of Deposit and Worksheet received by Plaintiff are annexed hereto as Exhibits A and B,

respectively.

22.      According to the Statement of Deposit, Phillips was charged the sum of $968.08,

for various items, against his security deposit of $750.00, indicating that he owed a balance of

$218.02, because the charges exceeded the amount of his security deposit by that amount.

Claimant has never received a refund of all or any portion of the security deposit he paid.

23.      The Statement of Deposit and the Worksheet failed to include written evidence of

any work performed or that needed to be performed, such as estimates, bills, invoices or receipts,

indicating the actual or estimated cost thereof.

24.      The charges assessed on the Statement of Deposit, and taken as deductions from

Plaintiff's security deposit, were for a late fee, rent for one day, apartment cleaning, carpet

cleaning, replacing a drip pan, and carpet replacement. The only details provided on the

Worksheet were hours and hourly rates for the apartment cleaning, carpet cleaning and drip pan

replacement and a lump sum amount for the carpet replacement. No further itemization was

provided (such as for the cost of the carpeting and the labor to install it), and Plaintiff was not

provided with any bills, invoices, receipts or estimates for any of the work purportedly

8

performed or to be performed, or any other written evidence of the actual or estimated cost of any repairs.

25.     According to the Statement of Deposit (Exhibit A hereto), Defendant's unlawful deductions from Plaintiff's security deposit amounted to a total of $968.08, exceeding Plaintiff's $750.00 security deposit, plus interest credited ($0.06) by $218.02.

**F.     ERM's Continuing Conduct**

26.     The violations of the Security Deposit Law alleged and described herein are continuing to the present day, and unless enjoined by an order of this Court, Defendant will continue its conduct in violation of the Security Deposit Law.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b) of the Massachusetts Rules of Civil Procedure on behalf of a class defined as:

All former tenants at Equity Units who have vacated their Equity Units and who have had any portion of their security deposit retained by ERM and not returned to them within 30 days after the termination of their occupancy or the end of their tenancy, during the period from August 6, 2009 through the date of judgment (the "Class"). The Class also includes two subclasses:  1) all Class members who did not receive, within 30 days after the termination of their occupancy or the end of their tenancy, an itemized list of damages, sworn to under pains and penalties of perjury (the "Sworn Statement Subclass"); and 2) all

Class members who had funds deducted from their security deposit for cleaning charges (the "Cleaning Charge Subclass").

28.     Excluded from the Class and subclasses are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. Plaintiff reserves the right to modify or amend the Class and/or subclass definitions, as appropriate.

29.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30.     Numerosity – Mass. R. Civ. P. 23(a)(1).  The members of the Class and each subclass are so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least hundreds, if not thousands of Class members and members of each subclass, since there are more than 6,000 Equity Units in Massachusetts. The precise number of Class and subclass members and their addresses is unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

31.     Commonality and Predominance – Mass. Civ. P. 23(a)(2) and 23(b).  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class and subclass members. All Class members were subject to the same violations of the Security Deposit Law by Defendant in that they all did not receive the required

10

written documentation or evidence of the purportedly necessary repairs, yet had all or a portion of their security deposit withheld by Defendant. All members of the Sworn Statement Subclass were subject to the violation described above with respect to the Class, and also did not receive an itemized list of damages signed under pains and penalties of perjury. All members of the Cleaning Charge Subclass were subject to the violations described above with respect to the Class, and also were impermissibly assessed cleaning charges as deductions from their security deposit. Furthermore, common questions of law and fact, include, but are not limited to:

a.   Whether Defendant's conduct in failing to provide written evidence for the cost of damage repairs that are charged against tenants' security deposits violates the Security Deposit Law;

b.   Whether Defendant's conduct in failing to provide an itemized list of damages sworn to under pains and penalties of perjury violates the Security Deposit Law;

c.   Whether Defendant's conduct in taking deductions from tenants' security deposits for cleaning charges violates the Security Deposit Law;

d.   Whether Plaintiff and the other members of the Class and Subclasses are entitled to damages and if so, in what amount;

e.   Whether Plaintiff and the other members of the Class and Subclasses are entitled to a return of their security deposits;

f.   Whether Plaintiff and the other members of the Class and Subclasses are entitled to three times the amount of their security deposits, plus interest, costs and attorneys fees; and

g.   Whether Plaintiff and the other members of the Class are entitled to injunctive or declaratory relief.

32.   Typicality – Mass. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the Class and Subclasses because, among other things, all Class and Subclass members were comparably injured through the uniform misconduct described herein,

11

and all Class and Subclass members have the same claim, *i.e.*, that Defendant's deficient documentation in connection with deductions from tenants' security deposits and Defendant's practice of taking deductions for cleaning charges from tenant's security deposits violate the Security Deposit Law.

33.     Adequacy of Representation – Mass. R. Civ. P. 23(a)(4).  Plaintiff is an adequate Class representatives because his interests do not conflict with the interests of the other members of the Class and Subclasses he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's and Subclasses' interests will be fairly and adequately protected by Plaintiff and his counsel.

34.     Superiority – Mass. R. Civ. P. 23(b).  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Class and Subclasses are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class and Subclass members to individually seek redress for Defendant's wrongful conduct.  Even if the Class and Subclass members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

## COUNT I

### Violations of G. L. c. 186 § 15B

35.    Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

36.    Defendant has violated, and continues to violate the provisions of the Security Deposit Law.

37.    Defendant's violations of the Security Deposit Law, described in greater detail above, consist of the following:

   a)    failing to provide tenants with written evidence of any damages resulting in deductions from their security deposits, such as estimates, bills, invoices or receipts within 30 days after termination of their occupancy or tenancy;

   b)    failing to provide tenants with an itemized list of damages sworn to under pains and penalties of perjury within 30 days after the termination of their occupancy or tenancy;

   c)    taking deductions from tenant's security deposits for cleaning charges; and

   d)    failing to return tenants' security deposits within 30 days after the termination of their occupancy or tenancy, despite Defendant's forfeiture of the right to retain any portion of the security deposit as a result of the violations referenced in a) through c) above.

## COUNT II

### Injunctive Relief

38.     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

39.     Plaintiff seeks injunctive relief compelling Defendant to cease and desist from its practices in violation of the Security Deposit Law, as alleged herein.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court order the following relief:

1.     An Order certifying the Class and Subclasses as requested herein;

2.     An Order awarding to Plaintiff and the other members of the Class and Subclasses payment of three times the amount of each Class and Subclass member's security deposit, plus interest, costs and attorneys fees;

3.     An Order awarding injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing its unlawful practices in violation of the Security Deposit Law and unlawfully withholding tenants' security deposits;

4.     An Order awarding attorneys' fees and costs to Plaintiff; and

5.     Such other and further relief as may be just and proper.

## VIII.  JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  August 6, 2013

Respectfully submitted,

**PASTOR LAW OFFICE, LLP**

David Pastor (BBO # 391000)
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, LLP**
Preston W. Leonard (BBO # 680991)
139 Charles Street, Suite A121
Boston, MA 02114
Telephone:   (617) 595-3460
pleonard@theleonardlawoffice.com

***Counsel for Plaintiff and the Class***

15

# EXHIBIT A

Run:5/24/2013 4:59:48 PM

## Longview Place
70 Hope Avenue
Waltham, MA 02453
(781) 894-5500

### STATEMENT OF DEPOSIT

Apartment
060-623

Scott Phillips
1303 Saint Tropez Street
Upland, CA 91784

| | |
|---|---|
| Lease Amount | 3,175.00 |
| Occupy Date | 7/20/2012 |
| Date Notified of Vacate | 3/18/2013 |
| Lease Expire Date | 5/19/2013 |
| Vacate Date | 5/20/2013 |

GUARANTORS: Barry Phillips
Jeffery Ostriker

| Date | Charge | Description | Amount |
|---|---|---|---|
| **Deposits** | | | |
| 7/21/2012 | Security Deposit | Security Deposit Apply | 750.00 |
| 5/24/2013 | Security Deposit | SD Interest | 0.06 |
| | | Total Deposits | 750.06 |
| **Charges** | | | |
| 3/31/2013 | Late Fee | Auto Late Fee | 8.65 |
| 5/1/2013 | Monthly Apartment Rent | AUTOCHRG @T5/31/2013 @R | 275.42 |
| 5/24/2013 | SODA Cleaning | Apt clean | 74.00 |
| 5/24/2013 | SODA Carpet Clean/Repair | Carpet clean | 65.00 |
| 5/24/2013 | SODA Other Phys Damages | Replace drip pand | 15.00 |
| 5/24/2013 | SODA Carpet Replacement | Carpet replacement | 530.01 |
| | | Total Charges | **963.08** |

Resident Account Number: 19257 - 060 - 623 - 6

Run:5/24/2013 4:59:48 PM

**Longview Place**
70 Hope Avenue
Waltham, MA 02453
(781) 894-5500

STATEMENT OF DEPOSIT

| Summary | |
|---|---|
| Total Deposits | -750.06 |
| Total Charges | 968.08 |
| Total Credits/Adjustments | 0.00 |
| Adjustments/Bad Debt/Settlement | 0.00 |
| Amount Refunded | 0.00 |
| Amount Due Property: | 218.02 |

Approved By: _Pll_

Date: _5 24 13_

Prepared By:
Diana Hillman

Date Prepared:   5/24/2013

To obtain your Rent With Equity Certificate log into http://my.equityapartments.com and go to My Rewards, Home Builder Credits.

IF THE BALANCE SHOWN ABOVE IS A BALANCE DUE TO THE PROPERTY, SUCH BALANCE IS DUE UPON RECEIPT OF THIS NOTICE. PLEASE PAY PROMPTLY.

IF THE BALANCE IS NOT PAID WITHIN 45 DAYS OF THE MOVE OUT DATE, THE BALANCE WILL BE TRANSFERRED TO OUR COLLECTION AGENCY, FAIR COLLECTIONS AND OUTSOURCING (FCO). THANK YOU.

Resident Account Number: 19257 - 060 - 623 - 6

Run:5/24/2013 4:59:48 PM

**Longview Place**
70 Hope Avenue
Waltham, MA 02453
(781) 894-5500

STATEMENT OF DEPOSIT

Apartment
060-623

Scott Phillips
1303 Saint Tropez Street
Upland, CA 91784

REMIT TO:

Longview Place
70 Hope Avenue
Waltham, MA 02453

GUARANTORS: Barry Phillips
      Jeffery Ostriker

---

### REMITTANCE ADVICE

Please return this form with your payment and/or correspondence. If your address is incorrect please indicate the necessary changes.

Resident Account No.: 19257-060-623-6  Amount Due:  $218.02  Amount Paid: $_____

Checks or Money Orders: Please make checks or money orders payable to Longview Place and mail to us at the Remit To address listed above.

Credit Card: To pay by credit card, please call us at the phone number listed below or complete the information below and return this portion to us at the Remit To address listed above.

Credit Card Type: ☐ MasterCard  ☐ Visa  ☐ American Express

Account No. _____ Security Code* _____ Expiration Date _____

*Visa/MC: Last 3 digits on back of card. AmEx: 4 digits on front of card to the right of the main #

Cardholder Name _____ Cardholder Phone (_____)_____

Signature of Cardholder _____

Credit Card Billing Address:
Street No./Name _____ Apt. No. _____

City _____ State _____ ZIP _____

(781) 894-5500
THANK YOU FOR YOUR PAYMENT!

Resident Account Number: 19257 - 060 - 623 - 6

# EXHIBIT B

 **Equity Residential**        **MOVE-OUT COST WORKSHEET**

| Longview Place |
|---|

| Bldg / Apt No.: | 060-523 | Resident Names: | | Phillips | |
|---|---|---|---|---|---|
| Move In Date: | 7/20/2012 | NTV Date: | 3/18/2013 | | |
| Move Out Date: | 5/20/2013 | Accelerated Rent?: | No | Labor Rate: | Boston |

| CLEANING / REPAIRS | Description of Work | Qty | Units x | Unit Rate = | In-House Cost | Vendor Cost |
|---|---|---|---|---|---|---|
| **SO1 - Cleaning** | | | | | | |
| Work Done: | Apartment clean | 1.0 | hours x | $74.00 | $74.00 | |
| **SO1 - Trash Out** | | | | | | |
| Work Done: | | | hours x | $0.00 | $0.00 | |
| Loose Trash: | | | bags x | | $0.00 | |
| Bulk Items: | | | ea. x | | $0.00 | |
| | | | | | SO1 TOTAL | $74.00 |
| **SO2 - Painting** | | | | | | |
| Work Done: | | | hours x | | $0.00 | |
| Paint: | | | gals. x | | $0.00 | |
| Paint: | | | gals. x | | $0.00 | |
| Primer / Kilz: | | | gals. x | | $0.00 | |
| | | | | | SO2 TOTAL | $0.00 |
| **SO3 - Carpet Cleaning / Repairs** | | | | | | |
| Work Done: | Carpet Clean | 1.00 | hours x | $65.00 | $65.00 | |
| | | | | | SO3 TOTAL | $65.00 |
| **S14 - Miscellaneous Repairs / Unreturned Keys / Other Items** | | | | | | |
| Work Done: | | | hours x | | $0.00 | |
| Work Done: | | | hours x | | $0.00 | |
| Work Done: | | | hours x | | $0.00 | |
| Materials: | Replace Drip Pans | 1.0 | ea. x | $15.00 | $15.00 | |
| Materials: | | | ea. x | | $0.00 | |
| Lost Key/Fob: | | | ea. x | | $0.00 | |
| | | | | | S14 TOTAL | $15.00 |

| REPLACEMENTS  Pro-rate over Expected Life of Item | | Replacement Cost | Remain Life (yr) | Charge Amount |
|---|---|---|---|---|
| **Carpet (S15): Carpet Replacement** | | | | |
| Expected Life (yr): 5.0 | Last Replaced: 4/23/2012 | $675.00 | 3.93 | $530.01 |
| | xx/xx/xxxx format | | | |
| | Floor Seal (not pro-rated): | $0.00 | N/A | $0.00 |
| **Vinyl (S14):** | | | | |
| Expected Life (yr): 5.0 | Last Replaced: | $0.00 | | $0.00 |
| | xx/xx/xxxx format | | | |

Other (S14): _____

| Expected Life (yr): | 10.0 | Last Replaced: | | $0.00 | | $0.00 |

xx/xx/xxxx format

| 3/13/2013 | | | | | TOTAL SODA CHARGES | $684.01 |