UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT PHILLIPS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,<br><br>          Defendant. | Case No. 13-12092-RWZ |

### FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On May 2, 2017, this Court heard Plaintiff's Assented to Motion for Final Approval of Class Action Settlement (Dkt. No. 112). This Court reviewed: the motion and the supporting papers, including, the Settlement Agreement ("Agreement") and any objections made to the Agreement. The Court also considered the oral arguments of counsel. Based on this review and the findings below, the Court finds good cause to grant the motion.

### FINDINGS:

1.  Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Agreement.

2.  This Court has jurisdiction over the subject matter of this Action, all Parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3.  Notice was provided to Class Members in compliance with Section 3.1 of the Agreement, Federal Rule of Civil Procedure 23 and due process. The notice: (i) fully and accurately informed Class Members about the Action and the Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to request exclusion from, object

to, or participate in the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the Fairness Hearing.

4. For the reasons stated in the Order for Preliminary Approval of Class Settlement Agreement, Directing Notice to the Class, and Scheduling Fairness Hearing (Dkt. No. 105), and having found nothing that would disturb these previous findings, this Court finds and determines that the Class, as defined below, meets all of the legal requirements for class certification.

5. The Parties have to date adequately performed their obligations under the Agreement.

6. Upon review of the record, the Court hereby finds that the terms and provisions of the Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of law. With respect to the determination that the Settlement is fair, reasonable, and adequate, the Court specifically notes that the Settlement was reached through negotiations with experienced and informed counsel, and the terms of the Settlement reflect substantial benefits to the Class in light of the circumstances of the Action.

7. An incentive award to Plaintiff Scott Phillips of $7,500 is fair and reasonable in light of: (a) Plaintiff's risks (including financial and professional) in commencing this Action as the class representative; (b) the time and effort spent by Plaintiff in litigating the Action as the class representative (including participation in depositions and other discovery); and (c) Plaintiff's public interest service.

8. An award of $303,000 in attorneys' fees and $12,498.69 in expenses to Class Counsel is fair and reasonable in light of the nature of the Action, Class Counsel's experience and efforts in prosecuting the Action, and the benefits obtained for the Class.

**IT IS ORDERED THAT:**

1. **The Class:** The Class is defined as:

   All former tenants or occupants of residential apartment units operated and/or managed by Equity Residential Management, L.L.C. ("Equity") in the Commonwealth of Massachusetts who received from Equity a statement of deposit that contained charges for physical damages to their apartment units and was not signed under the pains and penalties of perjury and who did not receive from Equity, within 30 days of the termination of their tenancy or occupancy, a return of their entire security deposit.

2. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Agreement, and it binds all Class Members. This order does not bind persons who filed timely and valid requests for exclusion. The deadline for submitting exclusion requests has passed, and the Court is informed by the Parties that no exclusion requests have been received.

3. **Release by Plaintiff and Class Members.** Plaintiff, including Barry Phillips, and all Class Members are: (1) deemed to have released and discharged Equity from all Plaintiff's and Class Members' Released Claims, as defined in Section 1.17 of the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 4.6 of the Agreement and are specifically incorporated herein by this reference.

4. **Release by Equity.** Equity is: (1) deemed to have released and discharged Plaintiff and Barry Phillips from all ERM's Released Claims, as defined in Section 1.13 of the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 4.7 of the Agreement and are specifically incorporated herein by this reference.

5. **Class Relief.** Defendant shall fund the Settlement Fund by making payment of $908,000, as provided in Section 2.2 of the Agreement, less any deductions permitted under Section 2.8 of the Agreement (and in compliance with the terms set forth therein), to the Claims Administrator within seven (7) business days after the Effective Date.

6. **Attorneys' Fees and Expenses.** Class Counsel are awarded $303,000 in fees and $12,498.69 in expenses. Payment shall be made pursuant to the timeline stated in Section 2.7 of the Agreement.

7. **Incentive Award.** Plaintiff Scott Phillips is awarded $7,500. Payment shall be made pursuant to the timeline stated in Section 2.6 of the Agreement.

8. All Class Members are bound by this Final Order and by the terms of the Agreement.

9. The Court hereby dismisses the Action with prejudice.

10. The Court reserves jurisdiction over the Action and the Parties with respect to the implementation, administration and enforcement of the Agreement, and all matters ancillary thereto.

Dated: May 3, 2018

_____
UNITED STATES DISTRICT JUDGE